Clayeo C. Arnold, SBN 65070
Joshua H. Watson, SBN 238058
**CLAYEO C. ARNOLD,**
**A PROFESSIONAL LAW CORPORATION**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
Facsimile: (916) 924-1829
Email: jwatson@justice4you.com

Attorneys for Plaintiff
*GABRIEL BRADLEY, individually,*
*and on behalf of similarly situated employees*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL BRADLEY, *individually, and on behalf of similarly situated employees*<br><br>     Plaintiff,<br>vs.<br><br>NUNNO CORPORATION, LTD,<br><br>     Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTION**<br><br>***PROPOSED FLSA COLLECTIVE ACTION***<br><br><br>**JURY TRIAL DEMANDED** |

Comes now Plaintiff GABRIEL BRADLEY, who alleges and complains as follows on information and belief, and who prays for relief from the court.

### PARTIES

1.     Plaintiff GABRIEL BRADLEY (hereafter "PLAINTIFF") is an adult individual residing in California.  PLAINTIFF was at relevant times was employed by NUNNO CORPORATION, LTD. at its principal place of business.

2.     Defendant NUNNO CORPORATION, LTD. (hereafter "NUNNO") is a California Corporation registered with the California Secretary of State as having its principal place

of business in Paso Robles, California within San Luis Obispo County. It is not a public entity.

3. NUNNO at all relevant times had more than 5 employees at its principal place of business, and more than 15 employees at its principal place of business.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction exists via federal question because Plaintiff alleges violation of the U.S. Fair Labor Standards Act (29 USC § 201) (hereafter, "FLSA").

5. DEFENDANT NUNNO has its principal place of business in Paso Robles, California, which is located within the geographical boundaries of U.S. District Court Central District of California.

6. The court has supplemental jurisdiction over the state law allegations in this complaint because they are factually related to the FLSA claims giving rise to the federal question upon which subject matter jurisdiction is based. (28 USC § 1367(a).)

7. Plaintiff has exhausted all applicable pre-litigation administrative remedies, including but not limited to filing and serving administrative complaints with the California Department of Fair Employment and Housing and with the California Labor and Workforce Development Agency.

## GENERAL FACTUAL ALLEGATIONS

8. PLAINTIFF was employed at all relevant times by NUNNO as a construction worker.

9. PLAINTIFF's employment with NUNNO was at all times as a non-exempt employee entitled to payment for any overtime worked in compliance with the California Labor Code.

10. PLAINTIFF's employment with NUNNO was at all times as a non-exempt employee entitled to payment for any overtime worked in compliance with FLSA.

11. PLAINTIFF's employment for NUNNO began on or about January 2, 2019.

12. On January 31, 2019 PLAINTIFF made complaints to NUNNO about workplace safety, and the terms and conditions of his employment (including his right to be free of harassment, injury, and violence).

COMPLAINT FOR DAMAGES AND INJUNCTION

13.    On January 31, 2019, after PLAINTIFF made these complaints, NUNNO terminated PLAINTIFF'S employment.

14.    PLAINTIFF's employment was terminated in retaliation for him making these complaints.

15.    NUNNO claims PLAINTIFF was terminated because he caused a stain on a hotel sheet and because he failed to pay a tab at a bar, both incidents allegedly occurring on a single work-related trip.

16.    Prior to PLAINTIFF'S complaints alleged above, NUNNO never gave any written notice to PLAINTIFF of any claim that PLAINTIFF had caused any stain on any hotel sheet.

17.    Prior to PLAINTIFF'S complaints alleged above, NUNNO never gave any written notice to PLAINTIFF of any claim that PLAINTIFF had failed to pay any tab at a bar.

18.    Prior to PLAINTIFF'S complaints alleged above, NUNNO never gave any verbal (non-written) notice to PLAINTIFF of any claim that PLAINTIFF had caused any stain on any hotel sheet.

19.    Prior to PLAINTIFF'S complaints alleged above, NUNNO never gave any verbal (non-written) notice to PLAINTIFF of any claim that PLAINTIFF had failed to pay any tab at a bar.

20.    At all times during PLAINTIFF's employment he performed competently and was not subject to any discipline until his retaliatory termination.

21.    During PLAINTIFF's employment, he informed his supervisors that he suffered from a mental disability that qualified for protection pursuant to the California Fair Employment and Housing Act ("FEHA").

22.    PLAINTIFF attempted to engage in the interactive process with his supervisors and requested a number of simple, reasonable accommodations that would not exacerbate his qualifying mental disability.  Those reasonable requests included: a request that he be allowed access to his cell phone while he was working and a request that he not be

"pranked," made fun of, or teased by other employees, because harsh treatment tended to exacerbate his mental disability.

23.   NUNNO refused to accommodate PLAINTIFF'S requests.  Instead, NUNNO's employees, including but not limited to PLAINTIFF'S supervisor, subjected Plaintiff to ongoing discrimination, harassment, bullying and retaliation as a result of his disclosure and request for reasonable accommodations.

24.   DEFENDANTS' wrongful acts, amongst other wrongful acts, include supervisors and employees:

    a.   Berating, teasing, and threatening PLAINTIFF;

    b.   Depriving PLAINTIFF access to his cell phone, despite allowing other employees at his job sites to have and use their cell phones;

    c.   Blatantly staring at PLAINTIFF's genitals while he was urinating and making disparaging comments;

    d.   Using a forklift to pick up a portable toilet while PLAINTIFF was in it, causing PLAINTIFF injury.

25.   PLAINTIFF reported his mistreatment above to the head executive of NUNNO, and was terminated on the same day of this report.

26.   PLAINTIFF had previously complained to his direct supervisor.  NUNNO did not undertake any investigation, interactive process, or remediation as a result of PLAINTIFF's these complaints to PLAINTIFF'S direct supervisor.

27.   The sole (or alternatively, substantial motivating) reason for PLAINTIFF's termination was that PLAINTIFF had reported instances of conduct which PLAINTIFF believed in good faith were illegal (battery [which constituted an OSHA violation], discrimination, and other wrongful acts), which were in fact illegal, and/or which NUNNO was concerned Plaintiff would continue to report both internally and to the relevant governmental authorities.

28.   As a direct and proximate result of the wrongful conduct alleged herein, PLAINTIFF suffered injury and attendant damages, both economic and non-economic.

COMPLAINT FOR DAMAGES AND INJUNCTION

29.    Additionally, PLAINTIFF and similarly situated employees were not paid overtime as required by both FLSA and Cal. Labor Code, as stated below:

    a.   NUNNO's business includes construction of structures at its customer's premises.

    b.   In order to service its customers, NUNNO sends NUNNO employees to its customer's premises to perform services, including but not limited to erecting steel buildings.

    c.   In the ordinary course of business, NUNNO employees report to work each workday at NUNNO's place of business in Paso Robles, California.

    d.   In the ordinary course of business, NUNNO employees travel from NUNNO's place of business in Paso Robles, California to customer's premises as a group, using NUNNO-company vehicles.

    e.   In the ordinary course of business, NUNNO employees return at the end of the workday to NUNNO's place of business in Paso Robles, California using NUNNO-company vehicles.

    f.   In the ordinary course of business, NUNNO does not pay employees for the transit time to and from NUNNO's place of business to worksites.

    g.   In the ordinary course of business, NUNNO employees work a full 8 hours at customers' worksites.

    h.   As a result, in the ordinary course of business, NUNNO employees, on a typical work day, work for more than 8 hours per workday, but are not paid for all hours worked, nor for the overtime that results when the transit time discussed above is added to the time spent working at customers' premises.

    i.   Such transit time is often about 20-30 minutes, one way.

    j.   At times, such transit time has exceeded two hours.

30.    On February 1, 2019, PLAINTIFF, via counsel, demanded in writing that NUNNO produce the following documents from its files:

    a.   All writings signed by PLAINTIFF;

  b. All payroll records for PLAINTIFF;

  c. PLAINTIFF'S entire Human Resources File without any redaction.

31. On March 6, 2019, NUNNO, via counsel, produced what it represented was the "personnel file" requested.

32. On March 8, 2019, NUNNO, via counsel, confirmed that the documents it produced included PLAINTIFF'S "payroll records."

33. The documents produced by NUNNO in response to PLAINTIFF'S request did not contain information showing wages paid to the employee as required by Cal. Labor Code § 226(c).  This included a complete absence of any copies of PLAINTIFF'S paycheck stubs.  The only record produced by NUNNO in response to PLAINTIFF'S request for his payroll records was a single page handwritten ledger showing hours purportedly worked for one week.  This single page also included the hours allegedly worked for five other employees similarly situated to NUNNO, and revealed that NUNNO logged only 40 hours of week per employee, despite the travel transit time each such employee incurred as alleged above.

34. NUNNO did not allow PLAINTIFF or similarly situated employees to take all their paid 10 minute breaks as mandated by the California Labor Code, nor did NUNNO pay such employees for the mandatory statutory hour for failure to provide such breaks.

35. NUNNO failed to pay PLAINTIFF all wages due at the time of termination because NUNNO failed to pay for transit time and because NUNNO failed to pay statutory wages due to missed breaks.

36. Because NUNNO's failure to pay for transit time and break time is systemic, all similarly situated employees whose employment has been terminated within the past four years also have not been paid all wages due at termination, including wages due for both transit time and statutory wages.

37. NUNNO had no agreement with PLAINTIFF or any other similarly situated employee to pay any rate for their transit time.  As a result NUNNO owed PLAINTIFF and other

COMPLAINT FOR DAMAGES AND INJUNCTION

similarly situated employees their regular hourly wage and any overtime or other enhancements due for their travel time.

38.  NUNNO did not provide PLAINTIFF or similarly situated employees with accurate paystubs because, *inter alia*, they failed to list all hours worked for transit time; they failed to disclose the statutory hour payments due to missed breaks.

39.  NUNNO's conduct was a knowing and deliberate attempt to evade minimum wage laws, including FLSA and the California Labor Code.  NUNNO was aware that employees must be compensated for all time spent working.  NUNNO was aware that it required employees to report to NUNNO's offices first, and to thereafter commute to the day's job site.  NUNNO was aware that employees complied with the requirement to first commute to the NUNNO office, then travel as a group to the day's job site.  NUNNO was aware that once its employees appeared at NUNNO's offices and began preparing for the day's work, those employees were suffered or permitted to work so as place them "on the clock" for compensation purposes.  NUNNO was aware that it was obligated to pay its employees for travel time between NUNNO's offices and job sites.  NUNNO made the determination not to pay PLAINTIFF and similarly situated employees for such travel time, knowing that doing so violated their rights as employees.  In this way, NUNNO's conduct was knowing, intentional, oppressive, and malicious, and justifies an award of punitive/exemplary damages.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF
## FAIR LABOR STANDARDS ACTION 29 U.S.C. § 207
## (BY PLAINTIFF and SIMILARLY SITUATED EMPLOYEES Against NUNNO)

40.  PLAINTIFF hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

41.  NUNNO failed to pay PLAINTIFF and similarly-situated employees for hours worked in excess of forty hours per week as required by 29 USC § 207 at the rate of one and

COMPLAINT FOR DAMAGES AND INJUNCTION

one-half their regular rates of pay.  This includes the overtime wages such employees should have been paid once the total of their transit time plus their on-site work time equaled 40 hours in a week.  All transit time and on-site work time thereafter should have been paid at each employee's overtime rate, but was not.

42.   PLAINTIFF and similarly-situated employees pray for payment of all such wages due, interest on such wages, penalties, liquidated damages, attorney-fees, and costs of litigation and such other relief as the court may see fit to award.  This includes but is not limited to such relief as is provided by 29 USC 216(b): payment of unpaid wages, and in addition an equal amount as liquidated damages.

43.   Due to the willful nature of NUNNO's behavior, PLAINTIFF and similarly situated employees seek recovery for NUNNO's conduct for the three years preceding the filing of the Complaint in this matter, pursuant to 29 USC § 255.  In the alternative, PLAINTIFF and similarly situated employees seek recovery for NUNNO's conduct for the two years preceding the filing of the Complaint in this matter.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF

## FAIR LABOR STANDARDS ACTION 29 U.S.C. § 206

## (BY PLAINTIFF and SIMILARLY SITUATED EMPLOYEES Against NUNNO)

44.   PLAINTIFF hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

45.   NUNNO failed to pay PLAINTIFF and similarly-situated employees minimum wage for transit time on each and every day such employees worked for NUNNO.  In the event that PLAINTIFF or any similarly situated employee did not work more than 40 hours in a week, said employee was still entitled to payment of wages for transit time at his or her regular rate, and in no case for less than the then-effective minimum wage.

COMPLAINT FOR DAMAGES AND INJUNCTION

46. PLAINTIFF and similarly-situated employees pray for payment of all such wages due, interest on such wages, penalties, liquidated damages, attorney-fees, and costs of litigation and such other relief as the court may see fit to award.

47. Due to the willful nature of NUNNO's behavior, PLAINTIFF and similarly situated employees seek recovery for NUNNO's conduct for the three years preceding the filing of the Complaint in this matter, pursuant to 29 USC § 255.  In the alternative, PLAINTIFF and similarly situated employees seek recovery for NUNNO's conduct for the two years preceding the filing of the Complaint in this matter.

## THIRD CAUSE OF ACTION

## BATTERY

## (PLAINTIFF Against NUNNO)

48. PLAINTIFF hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

49. PLAINTIFF'S supervisor, employed by NUNNO, operated a forklift as alleged herein so as to cause Plaintiff to be touched in a harmful and offensive manner that resulted in physical injury and medical treatment.

50. PLAINTIFF'S supervisor intended to harm PLAINTIFF in so-behaving.

51. NUNNO's executive management ratified such conduct of PLAINTIFF'S supervisor upon learning of it by, among other things, terminating PLAINTIFF, not terminating or admonishing the supervisor, not filing an OSHA incident report, and by generally supporting the conduct of the supervisor.

52. As a direct and proximate result of the foregoing, PLAINTIFF was injured and suffered attendant damages.

53. The supervisor's conduct and NUNNO's conduct as alleged herein (both vicariously for the supervisors conduct and as to ratifying such conduct) was done with malice and oppression because it reflected a knowing disregard of PLAINTIFF'S right to a violence

COMPLAINT FOR DAMAGES AND INJUNCTION

free workplace and a knowing infliction and ratification of violence within the workplace.

### FOURTH CAUSE OF ACTION

### DISCRIMINATION – MENTAL DISABILITY (FEHA)

### (By PLAINTIFF Against NUNNO)

54.  PLAINTIFF hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

55.  FEHA defines a mental disability as "[h]aving any mental or psychological disorder or condition, such as . . . emotional or mental illness . . . that limits a major life activity." Cal. Gov't Code § 12926(j)(1).

56.  PLAINTIFF alleges that, during his employment, DEFENDANTS wrongfully discriminated against him based on his disclosed and known mental disability that was qualified for protection under FEHA.

57.  NUNNO was PLAINTIFF's employer at all relevant times.

58.  PLAINTIFF, at all relevant times, was able to perform the essential job duties with reasonable accommodation for his mental disability.

59.  Supervisors and employees of NUNNO, knowing that PLAINTIFF had made a request for reasonable accommodation, discriminated against him by taking the following adverse employment actions: berating, teasing, and threatening PLAINTIFF, depriving PLAINTIFF access to his cell phone, despite allowing all other employees at his job sites to have and use their cell phones, blatantly staring at PLAINTIFF's private area while he was urinating and making disparaging comments, battering PLAINTIFF by moving a portable toilet with a forklift while he was inside causing PLAINTIFF physical and emotional injury that required him to go to the hospital, and terminating PLAINTIFF (on January 31, 2019) for reporting his mistreatment, including the battery, to a supervisor – without NUNNO conducting any investigation into PLAINTIFF's complaints.

COMPLAINT FOR DAMAGES AND INJUNCTION

60.  The sole or, alternatively, substantial motivating reason for PLAINTIFF's termination was that PLAINTIFF had reported instances of conduct which PLAINTIFF believed in good faith were illegal (battery [which constituted an OSHA violation], discrimination, and other wrongful acts), which were in fact illegal, and/or which NUNNO was concerned Plaintiff would continue to report both internally and to the relevant governmental authorities.

61.  The conduct described herein was intended to harass, annoy and damage PLAINTIFF as a result of his mental disability and, as a direct and proximate result of the wrongful conduct alleged herein, PLAINTIFF suffered injury and attendant damages including emotional distress and wage loss.

62.  The Directors, Officers and/or Managing Agents of NUNNO participated in, knew of and/or ratified the conduct described herein.  In doing so, NUNNO acted intentionally, purposely and/or with a reckless indifference to PLAINTIFF's rights.  NUNNO's misconduct was malicious, oppressive and despicable.  PLAINTIFF is therefore entitled to recover punitive damages as allowed by law.

63.  As a direct and proximate result of the foregoing, PLAINTIFF suffered injury and attendant damages, and seeks recovery of damages, punitive damages, and reinstatement.

64.  To the degree permitted by law, PLAINTIFF seeks non-economic damages, economic damages, reinstatement, attorney's fees, and costs of litigation against all Defendants and DOES, and each of them, and punitive/exemplary damages against those Defendants from whom such relief is specifically pled.

## FIFTH CAUSE OF ACTION

## RETALIATION (FEHA)

## (By PLAINTIFF Against NUNNO)

65.  PLAINTIFF hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

11

COMPLAINT FOR DAMAGES AND INJUNCTION

66.   It is unlawful for an employer to take any "adverse employment action" against an employee in retaliation for an employee's complaints.  Such retaliatory conduct damages the complaining employee, against whom the employer takes the adverse employment action.

67.   PLAINTIFF reported mistreatment, discrimination, bullying, and battery that he had experienced by employees and supervisors of NUNNO to a supervisor.  Without conducting any investigation into PLAINTIFF's complaints, PLAINTIFF was wrongfully terminated by that same day (January 31, 2019) in retaliation for making said complaints.

68.   The sole or, alternatively, substantial motivating reason for PLAINTIFF's termination was that PLAINTIFF had reported instances of conduct which PLAINTIFF believed in good faith were illegal (battery [which constituted an OSHA violation], discrimination, and other wrongful acts), which were in fact illegal, and/or which NUNNO was concerned Plaintiff would continue to report both internally and to the relevant governmental authorities.

69.   The conduct described herein was intended to harass, annoy and damage PLAINTIFF as a result of his mental disability and NUNNO's retaliatory decision to terminate PLAINTIFF in response to his complaint about discriminatory and illegal conduct was the legal cause damages suffered by PLAINTIFF, including but not limited to wage loss and emotional distress.

70.   The Directors, Officers and/or Managing Agents of NUNNO participated in, knew of and/or ratified the conduct described herein.  In doing so, NUNNO acted intentionally, purposely and/or with a reckless indifference to PLAINTIFF's rights.  NUNNO's misconduct was malicious, oppressive and despicable.  PLAINTIFF is therefore entitled to recover punitive damages as allowed by law.

71.   As a direct and proximate result of the foregoing, PLAINTIFF suffered injury and attendant damages, and seeks recovery of damages, punitive damages, and reinstatement.

COMPLAINT FOR DAMAGES AND INJUNCTION

72.  PLAINTIFF will seek to recover all reasonable attorney fees and costs incurred to obtain that judgment, as allowed by law.

### SIXTH CAUSE OF ACTION

### RETALIATION (LABOR CODE § 1102.5)

### (By PLAINTIFF Against NUNNO)

73.  PLAINTIFF hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

74.  PLAINTIFF worked at all relevant times for NUNNO.

75.  DEFENDANTS knew that PLAINTIFF had disclosed and/or might disclose (or further disclose) complaints of workplace violence, violation of OSHA rules regarding forklifts and injuries, retaliation, discrimination and/or harassment to a person with authority over them or to an employee of DEFENDANTS who has authority to investigate, discover or correct the violations underlying the complaint(s) of retaliation, discrimination and/or harassment.  The complaints identified conduct which, if true, would violate California statutes and laws.  Such complaints qualify for protection under the California whistleblower statute.  See *Fitzgerald v. El Dorado County* (E.D. Cal. 2005).

76.  PLAINTIFF did report such misconduct to NUNNO's head executive, who promptly fired him in retaliation as pled herein.

77.  NUNNO subjected PLAINTIFF to an adverse employment action by terminating him because of his complaints, which also included an OSHA violation (for the intentional moving of the portable toilet, when it was occupied by PLAINTIFF).  Alternatively, DEFENDANTS subjected PLAINTIFF to this adverse employment action because it anticipated that he would file complaints of retaliation, discrimination and/or harassment to a person with authority or to an employee of DEFENDANTS who has authority to investigate, discover or correct the violations underlying the complaint(s) of retaliation, discrimination and/or harassment DEFENDANTS anticipated PLAINTIFF would make.

78. The Directors, Officers and/or Managing Agents of NUNNO participated in, knew of and/or ratified the discriminatory and/or harassing conduct described herein. In doing so, NUNNO acted intentionally, purposely and/or with a reckless indifference to PLAINTIFF'S rights. NUNNO's misconduct was malicious, oppressive and despicable. PLAINTIFF is therefore entitled to recover punitive damages as allowed by law.

79. NUNNO's retaliatory conduct was the legal cause of PLAINTIFF'S injuries and damages, and he is entitled to recover all of the damages, costs, and fees sought in the prayer for relief.

80. As a direct and proximate result of the foregoing, PLAINTIFF suffered injury and attendant damages, and seeks recovery of damages, punitive damages, and reinstatement.

81. PLAINTIFF will seek to recover all reasonable attorney fees and costs incurred to obtain that judgment, as allowed by law.

## SEVENTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

## (By PLAINTIFF Against NUNNO)

82. PLAINTIFF hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

83. Government Code Section 12940 et seq. expresses California's strong and long-standing public policy interest in protecting California workers from unlawful discrimination and harassment as well as protecting such employees from being retaliated against for complaining about actual or perceived violations of such laws. A similarly non-retaliation public policy of this State is espoused in California Labor Code section 1102.5.

84. NUNNO terminated PLAINTIFF's employment on or about January 31, 2019.

85. The unlawful termination of PLAINTIFF's employment was a direct result of NUNNO's violation of the public policies set forth herein.

COMPLAINT FOR DAMAGES AND INJUNCTION

86.   The unlawful termination of PLAINTIFF's employment was the legal cause of his damages which include, but are not limited to, wage loss and emotional distress.

87.   The Directors, Officers and/or Managing Agents of NUNNO participated in, knew of and/or ratified the decision to terminate PLAINTIFF's employment in violation of the public policies of the State of California.  In doing so, NUNNO acted intentionally, purposely and/or with a reckless indifference to PLAINTIFF's rights.  NUNNO's conduct was malicious, oppressive and despicable.  PLAINTIFF is therefore entitled to recover punitive damages as allowed by law.

88.   As a direct and proximate result of the foregoing, PLAINTIFF suffered injury and attendant damages, and seeks recovery of damages, punitive damages, and reinstatement.

## EIGHTH CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CALIFORNIA LABOR CODE §§ 1182.12, 1194, 1194.2, 1197, and Wage Order No. 16-2001 § 5(A) (By PLAINTIFF Against NUNNO)

89.   PLAINTIFF hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

90.   Pursuant to Labor Code §§ 1182.12, 1194, 1194.2, and 1197 it is unlawful for a California employer to suffer or permit an employee to work without paying wages for all hours worked, as required by the applicable Industrial Welfare Commission ("IWC") Wage Order.

91.   During all times relevant, IWC Wage Order No. 16-2001, governing "Certain On-Site Occupations in the Construction, Drilling, Logging, and Mining Industries" applied to PLAINTIFF'S employment with Defendants.

92.   Pursuant to Wage Order 16-2001, section 2(J), "hours worked" includes "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

COMPLAINT FOR DAMAGES AND INJUNCTION

93.   IWC Wage Order No. 16-2001, § 4 (A), require every employer to pay each employee minimum wages not less than $11.00 per hour effective January 1, 2018 and $12.00 per hour effective January 1, 2019.

94.   In conjunction with his employment, PLAINTIFF and other employees of NUNNO were required to travel from NUNNO company headquarters and worksites. PLAINTIFF was not paid for said travel time.  PLAINTIFF is further informed and believes that the other NUNNO employees were also not paid for said travel time.

95.   As a result of NUNNO's failure to pay its employees for the travel time herein described, during all times relevant, PLAINTIFF and other NUNNO employees have not been paid minimum wages for all hours suffered or permitted to work in violation of the minimum wage provisions of California Labor Code §§ 1182.12, 1194, 1194.2, and 1197, and IWC Wage Order No. 16-2001, § 5 (A).

96.   Labor Code § 1194.2, subdivision (a) provides that, in an action to recover wages because of the payment of a wage less than the minimum wage fixed by IWC Wage Orders, an employee is entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

97.   PLAINTIFF should have received minimum wages in a sum according to proof during all times relevant to this action. NUNNO have intentionally failed and refused, and continues to fail and refuse, to pay PLAINTIFF minimum wages for all time suffered or permitted to work including training time.

98.   PLAINTIFF requests the recovery of the unpaid minimum, waiting time penalties, liquidated damages, interest, attorneys' fees, and costs in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF

## CALIFORNIA LABOR CODE §§ 510, 1194, and Wage Order No. 16-2001 § 3(A)

## (PLAINTIFF Against NUNNO)

COMPLAINT FOR DAMAGES AND INJUNCTION

99.     PLAINTIFF hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

100.    Eight hours of labor constitutes a day's work, and any work in excess of 8 hours in 1 workday and any work in excess of 40 hours in any one workweek and any work on the seventh consecutive day shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day, or in excess of 8 hours on the seventh consecutive day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  (Labor Code § 510 and IWC Wage Order No. 16-2001 ("Wage Order") § 3(A).)

101.    PLAINTIFF is informed and believes, and based thereon alleges, that during all times relevant to this action, PLAINTIFF worked more than 8 hours per workday on some occasions, and/or more than 40 hours per workweek, and/or performed work on the seventh consecutive day of working in an amount to be proven at trial, but did not receive any overtime wages for overtime hours suffered or permitted to work.

102.    Based on the misconduct alleged in this Complaint, PLAINTIFF seeks to recover unpaid overtime compensation, penalties, interest, reasonable attorneys' fees, and costs in an amount to be determined at trial.

## ELEVENTH  CAUSE OF ACTION

## VIOLATION OF CAL. LABOR CODE § 203 (FAILURE TO PAY FINAL WAGES)

## (By PLAINTIFF Against NUNNO)

103.    PLAINTIFF hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

104.    NUNNO willfully failed to pay PLAINTIFF all wages due at the time of his termination, and when notified in writing the day after PLAINTIFF's termination that transit time and overtime had not been paid in accordance with law.

COMPLAINT FOR DAMAGES AND INJUNCTION

105.   PLAINTIFF therefore seeks damages and penalties as available at law for failure to pay final wages in full, including but not limited to those provided by Cal. Labor Code §203.

## ELEVENTH  CAUSE OF ACTION

## VIOLATION OF CAL. BUS. & PROF. CODE § 17200 – UNLAWFUL PRONG

## (By PLAINTIFF in a Representative Capacity Against NUNNO)

106.   PLAINTIFF hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

107.   NUNNO's conduct as alleged herein of not paying employees for transit time and overtime is and at all times was an unlawful practice and act because doing so violated the FLSA and Cal. Labor Code, as pled above.

108.   As a direct and proximate result of the foregoing, PLAINTIFF and similarly situated employees suffered money losses, including nonpayment of wages and loss of the time value of such wages and loss of interest on such wages.

109.   NUNNO was unjustly enriched by this course of conduct, including converting and keeping the wages of PLAINTIFF and similarly situated employees.

110.   NUNNO has an intent to continue in this course of action in a manner that will harm PLAINTIFF and similarly situated employees.

111.   PLAINTIFF notes that this Complaint seeks reinstatement as part of its prayer, such that PLAINTIFF is in the group of persons who has been harmed by NUNNO's conduct with respect to nonpayment of wages, and is also in the group of persons who may be harmed by such ongoing conduct should NUNNO continue to refuse to pay wages for transit time and overtime.

112.   PLAINTIFF prays for an order compelling NUNNO to change its business practices so as to record transit time, and pay the corresponding wages and overtime wages due to its employees.

COMPLAINT FOR DAMAGES AND INJUNCTION

# TWELFTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA LABOR CODE - PAGA

### (By PLAINTIFF in a Representative Capacity Against NUNNO)

113. PLAINTIFF hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

114. PLAINTIFF provides NUNNO with notice of his reservation of right to amend the Complaint in this matter at a future date to bring representative claims on behalf of the State of California for penalties under the California Labor Code due to NUNNO's failure to pay minimum wage, failure to pay wages, failure to pay all wages due at termination, failure to provide accurate pay stubs, and other related statutory violations. Administrative proceedings for this claim are underway at the time the initial Complaint in this matter is filed.

# THIRTEENTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA LABOR CODE § 226(c)

### (By PLAINTIFF Against NUNNO)

115. PLAINTIFF hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

116. NUNNO failed to produce all employment records required to PLAINTIFF in response to Plaintiff's request for employment records, as stated herein.

117. PLAINTIFF seeks all permissible damages, penalties, attorney fees, and litigation costs permissible under law due to NUNNO's failure to provide PLAINTIFF with access to records indicating his hours of work, payment history, and all records as required by Cal Labor Code § 226(a), including but not limited to the $750 penalty allowed by Cal. Labor Code § 226(e).

118. PLAINTIFF further seeks an order compelling NUNNO to produce all records required to be produced under Labor Code § 226(a), and attorney fees and costs associated with

compelling compliance.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment as follows:

1.   For general and special damages according to proof;

2.   For compensatory damages including emotional distress damages;

3.   For past and future loss of earnings and earning capacity damages;

4.   For punitive and/or exemplary damages in an amount sufficient to punish NUNNO;

5.   For reasonable attorney fees and costs to the extent allowed by law;

6.   For unpaid wages, overtime compensation, and penalties

7.   For prejudgment interest to the extent allowed by law;

8.   For reinstatement;

9.   For injunctive relief within the Court's sound discretion, including but not necessarily an order compelling NUNNO to adopt policies that record employee transit time and overtime, and also pay employees appropriately for such time;

10. For liquidated damages as provided for by law;

11. For statutory wages as provided for by law;

12. For orders as necessary to administrate this matter as a collective action pursuant to FLSA, including but not necessarily limited to ordering notice as appropriate for various stages of the litigation to all potential similarly situated claimants, including any opt-in claimants into this litigation, approving any settlement that may be proposed, and issuing orders to allow administering any settlement or trial proceeds as may be obtained in a trial in this matter.

//

//

//

COMPLAINT FOR DAMAGES AND INJUNCTION

13. For such other and further relief as this court deems just and proper.

For due process purposes, Plaintiff asserts damages of up to $2,500,000, including all damages and penalties due to Plaintiff and similarly situated employees.  This number may be adjusted upwards or downwards in keeping with information obtained in conformity with law, and is asserted here for default-judgment purposes.

Date: March 20, 2019                    CLAYEO C. ARNOLD
                                        A Professional Law Corporation


                                        By:  ___/s/ Joshua H. Watson_____
                                             Joshua H. Watson
                                             Attorney for Plaintiff


## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury for all matters subject to determination by a jury.

Date: March 20, 2019                    CLAYEO C. ARNOLD
                                        A Professional Law Corporation


                                        By:  ___/s/ Joshua H. Watson_____
                                             Joshua H. Watson
                                             Attorney for Plaintiff

COMPLAINT FOR DAMAGES AND INJUNCTION

*Re: Gabriel Bradley v. Nunno Corporation, Ltd.*

### **Plaintiff Consent Form**

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. against my former employer Nunno Corporation, Ltd. and any other related entities or affiliates (herein referred to as "Defendants") to recover unpaid wages, including unpaid overtime wages, minimum wages, statutory penalties, interest, and attorney's fees as applicable.

2. During my employment, which was within the past three years, there were occasions where I did not receive proper compensation for all of my hours worked. These include but are not necessarily limited to occasions where I and other employees commuted individually to Defendants' place of business to begin work, then boarded company vehicles, and drove from the workplace to work sites, where we put in a full day's work. We were not paid for the travel time or any resulting overtime.

3. I expressly consent to be a party to a claim or lawsuit filed as a collective action. If this action does not proceed collectively, then I also consent to join any subsequent or other action to assert these claims against Defendants and any other related entitles or affiliates.

Dated: March 4, 2019          Signed: _Gabriel Bradley_
                                        Gabriel Bradley

COMPLAINT FOR DAMAGES AND INJUNCTION
2