## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("Agreement") is made and entered into by and between Plaintiff Gabriel Bradley ("Plaintiff"), an individual, and Defendant Nunno Corporation, LTD ("Defendant"), a California corporation (collectively referred to as the "Parties").

## RECITALS

A.  Plaintiff was employed by Defendant from January 2, 2019 to January 31, 2019.

B.  Plaintiff filed a Complaint on March 31, 2019 in the United States District Court, Central District of California, Case Number 2:19-cv-02106, asserting liability against Defendant under the Fair Labor Standards Act (FLSA) and state law claims (the "Action").

C.  Defendant denies all legal and factual contentions in the Complaint, denies that this Court has jurisdiction over the state law claims, and denies all liability for the causes of action asserted in the Complaint or arising from Plaintiff's employment by Defendant.

D.  The Parties now wish to avoid the cost of further litigation of the Action, and wish to fully resolve any and all claims relating to Plaintiff's employment with Defendant, including, but not limited to, those claims asserted in the Action.

E.  The Parties have agreed to a full and final settlement of all allegations and issues which are, or could have been, raised in the Action.

## AGREEMENT

NOW, THEREFORE, in consideration of the foregoing recitals, which are incorporated by reference, and the following considerations, provisions, mutual promises, and agreements contained herein, it is hereby agreed by and between the Parties that all claims, contentions, allegations, and causes of action that have been asserted, or that could have been asserted, in connection with the Action, are to be compromised and settled without any admission of liability or concession by Defendant that the contentions of Plaintiff are correct, on the following terms:

1.  Effective Date. This Agreement shall be effective upon the occurrence of both (1) approval of the Agreement by the Court, and (2) full execution of this Agreement by the Parties and their attorneys.

2.  Payment to Plaintiff.  Defendant shall pay to Plaintiff the sum of thirty thousand dollars and no cents ($30,000.00) (the "Settlement Payment") within ten (10) business days of the Effective Date.  Defendant shall make all legally required withholdings.  The Parties agree that Plaintiff and his attorneys are themselves solely responsible for any allocation, if any, between Plaintiff and his attorneys for their fees and costs incurred to date, and Defendant has no responsibility to Plaintiff or his attorneys for any fees and costs incurred in connection with the Action.  The Settlement Payment shall be made payable jointly to "GABRIEL BRADLEY and

CLAYEO C. ARNOLD, A PROFESSIONAL LAW CORPORATION – CLIENT TRUST ACCOUNT" and delivered to Clayeo C. Arnold, A Professional Law Corporation, care of Joshua Watson.  Plaintiff agrees that he and his attorneys are solely responsible for any and all taxes that may be due with respect to the Settlement Payment.

3. <u>Dismissal of the Action</u>. Within five (5) business days of the receipt of the Settlement Payment, counsel for Plaintiff shall file a Request for Dismissal of the entire Action with prejudice.

4. <u>Resolution of Dispute.</u> The Parties agree and understand that this Agreement resolves any and all disputes between them related to the Action and the matters set forth in the Action.

5. <u>Release</u>.  Plaintiff, for himself and his assigns, administrators, heirs, beneficiaries, trustees, and successors in interest, does hereby release and absolutely discharge Defendant, its present and former owners, officers, officials, partners, agents, employees, attorneys, insurers, assigns, and successors in interest (collectively the "Releasees"), from any and all claims, demands, damages, debts, liabilities, accounts, reckonings, obligations, costs, expenses, liens, and causes of action of whatever kind, at law or in equity, known or unknown, suspected or unsuspected, which Plaintiff ever had, now has, or may have, relating to or arising out of or in any manner based upon Plaintiff's employment relationship with Defendant, including, but not limited to, any claim that was or could have been alleged in the Action or brought before any government or administrative agency, including, but not limited to, the Department of Labor and Department of Fair Employment and Housing, and/or as to any status, term or condition of or related in any way to Plaintiff's employment by Defendant and/or any claims of any kind against the Releasees.

6. <u>Confidentiality</u>.  This Agreement is confidential between the Parties, and neither party shall disclose the Agreement's existence, nature, or terms to any other person or entity, unless legally compelled to do so, or unless necessary to effectuate its terms.  Plaintiff shall not assist, or cooperate with, any other person or entity in committing any act which, if committed by Plaintiff, would constitute a violation of this section, including, but not limited to, informing any past or current employee of Defendant of the existence, nature, or terms of this Agreement; or creating or publishing, or causing to be published, any written statement regarding this Agreement.  Plaintiff and his attorneys agree not to discuss this Action or any of the issues raised in the Complaint or related to the isues raised in the Complaint with any past or current employee of Defendant.  Plaintiff and his attorneys warrant that they have not discussed this Action or any of the issues raised in the Complaint or related to the issues raised in the Complaint with any past or current employee of Defendant.

7. <u>Applicable to Plaintiff Only</u>.  This Agreement, and its terms and conditions, apply solely to Plaintiff, and shall not be construed as evidence or indication that any other employee or former employee of Defendant is entitled to any payment or benefit from Defendant.

8. <u>No Right to Reinstatement or Re-Employment</u>.  Plaintiff acknowledges that he shall not be eligible for re-employment, reinstatement, or future employment with Defendant, and agrees that he will not apply for or otherwise seek employment with Defendant.

9. <u>No Admission of Liability</u>.  The Parties agree that the Agreement is not to be construed as an admission of liability by Defendant.

10. <u>Waiver of Civil Code §1542</u>. Plaintiff hereby expressly waives the provisions of Civil Code section 1542, which provide:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

11. <u>Later Discovered Facts or Law</u>.  Each party to the Agreement acknowledges that he or it is aware that he or it may hereafter discover claims or facts in addition to or different from those he or it now knows or believes to be true with respect to the Agreement.  Nevertheless, the Agreement shall be, and remain, in effect as a full and complete release, notwithstanding the discovery or existence of any such additional claims or facts.

12. <u>Construction</u>. The Agreement is deemed to have been prepared by each of the Parties hereto, and any uncertainty and ambiguity herein shall not be interpreted against the drafter, but rather, if such uncertainty or ambiguity exists, shall be interpreted according to the applicable rules of interpretation of contracts under the laws of the State of California.  In this regard, the provisions of Civil Code section 1654 are waived and deemed inapplicable to the interpretation of this Agreement.

13. <u>Advice of Counsel</u>. Each party acknowledges that he or it has been represented by counsel, or has had counsel available to him or it, throughout the pendency of the negotiations of this Agreement.  The Parties have read and understand the entirety of this Agreement, and have been advised as to the legal effects of this Agreement, including their rights, obligations, and agreement to resolution of any and all claims related to the Action, and hereby willingly and voluntarily agree to every term of this Agreement.

14. <u>Governing Law and Venue</u>.  This Agreement shall be deemed to have been executed and delivered within the State of California, and the rights and obligations of the Parties shall be governed by, and construed and enforced in accordance with, the laws of the State of California.  Any action, suit, or proceeding related to, or arising from, this Agreement shall be filed in the County of Los Angeles Superior Court.

15. <u>Attorneys' Fees</u>.  The Parties shall each bear their own costs and attorneys' fees arising from or related to the Action, including fees and costs associated with the preparation, review, and execution of the Agreement.

16. <u>Entire Agreement</u>.  The Agreement contains all of the terms and conditions agreed upon by the Parties.  No other agreements, oral or otherwise, shall be deemed to exist or to bind the Parties hereto.  No representative of any party hereto had or has any authority to make any representation or promise not reflected or contained in the Agreement, and each of the Parties acknowledges that he or it has not executed the Agreement upon any such promise.  The Agreement cannot be modified or changed except by written instrument signed by both Parties.

17. <u>Partial Invalidity</u>.  If any portion, provision, or part of the Agreement is held, determined, or adjudicated to be invalid, unenforceable, or void for any reason whatsoever, each

such portion, provision, or part shall be severed from the remaining portions, provisions, or parts of the Agreement, and shall not affect the validity or enforceability of such remaining portions, provisions, or parts.

18. <u>Warranties and Representations</u>. Each of the Parties to the Agreement represents and warrants that: (a) he or it is the present owner of all right, title, and interest, if any, in and to every matter which he or it purports to release in the Agreement, and that he or it has not heretofore assigned, transferred, conveyed, or encumbered, or purported to assign, transfer, convey, or encumber, to any person or entity, any matters released herein; and (b) he or it has the right, power, and authority to take the actions which he or it agrees to take herein. Each of the Parties further represents and warrants that, other than the Action, he or it has not initiated and is not aware of any action of any kind that is currently pending against the other party in any federal or state court or before any government or administrative agency regarding the former employment relationship between the Parties or otherwise.

19. <u>Benefit of Parties</u>.  The Agreement shall be binding upon, and inure to the benefit of, each of the Parties to the Agreement, and upon each of their respective officials, agents, officers, directors, employees, attorneys, representatives, heirs, successors, and assigns, and each of them. The Agreement is made solely for the benefit of the foregoing persons and entities, and no other person or entity shall have or acquire any right by virtue of the Agreement as a third party beneficiary or otherwise.

20. <u>Authority to Execute Agreement</u>. The Parties represent and warrant that the person or persons executing the Agreement on his or its behalf is/are duly authorized to bind him or it and is/are authorized to enter into the Agreement on his or its behalf.

21. <u>Voluntary Agreement</u>. The Parties represent and warrant that they have carefully read the Agreement and know the contents thereof, and that they sign the Agreement freely and voluntarily.

22. <u>Interpretation</u>. The provisions of this Agreement shall be liberally construed to effectuate its purpose.  The title heading, subheadings, and numbering of the respective paragraphs of this Agreement are inserted for convenience only, and shall not be deemed to be part of this Agreement or considered in construing this Agreement.  In the event of any dispute concerning this Agreement, the prevailing party shall be entitled to recover its court costs and attorney's fees.

23. <u>Good Faith and Further Assurances.</u>  The Parties agree that they will act in good faith in abiding by the terms of this Agreement, and in carrying out the obligations of each Party set forth herein.  So long as authorized by applicable laws to do so, each of the Parties to this Agreement will do such further acts and execute, acknowledge, and deliver all further documents as may be necessary to fully effectuate the provisions of this Agreement.

24. <u>Counterparts.</u> The Agreement may be executed in counterparts, each of which shall be deemed to be an original, and all of which together shall be deemed to constitute one and the same document.  Signatures delivered by facsimile or electronic transmission shall be accepted as though originals.

_____          _____
Dated                                   Gabriel Bradley


_____          _____
Dated                                   Nunno Corporation, Ltd.
                                        By: Michael Nunno


**APPROVED AS TO FORM:**

Clayeo C. Arnold, A Professional Law Corporation


By: _____
      Joshua H. Watson
      Attorneys for Gabriel Bradley



RICHARDS, WATSON & GERSHON
A Professional Corporation


By: _____
      Rebecca T. Green
      Attorneys for Nunno Corporation, Ltd.